## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**PAUL ANDREW NIXSON,**
      **Plaintiff,**

**vs.**                        **Case No. 3:06cv42/RV/MD**

**M. BATSON,**
      **Defendant.**

---

### REPORT AND RECOMMENDATION

      This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon defendant's special report and supporting documents filed on June 27, 2006. (Doc. 14). The *pro se* plaintiff, a state prisoner who is proceeding *in forma pauperis* in this action,[1] responded to the special report. (Doc. 19). On August 14, 2006 the court entered an order advising the parties of the importance and ramifications of Rule 56 summary judgment consideration, informing the parties that the special report would be construed as a motion for summary judgment as of September 13, 2006, and providing the parties thirty days in which to submit additional Rule 56 materials. (Doc. 20). Neither party has submitted additional argument or Rule 56 materials. Upon review of the summary judgment record, it is the opinion of the undersigned that defendant's motion for summary judgment should be denied.

### BACKGROUND

      Plaintiff was incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to this complaint. Named as the sole

---

[1] Court records reflect as of the date of this Report and Recommendation, the plaintiff has made no payments toward the $250.00 filing fee; therefore, he still owes $250.00 to the court.

defendant in this action is M. Batson.  Defendant Batson is presently the food service director at Santa Rosa CI.  (Doc. 14, p. 1).  She was the assistant food service director at the time of the events described in plaintiff's complaint.  Defendant Batson is an employee of Aramark Correctional Services, Inc. ("Aramark"), which has contracted with the State of Florida Department of Corrections ("DOC") to provide food service operations at institutions and other facilities owned and operated by the DOC.

In his verified complaint, plaintiff alleges that "for years" Aramark has been "continuously" serving spoiled food to him and other inmates housed in the close management units.  (Doc. 1, p. 8).  He asserts that as a result of eating the spoiled food, he became ill in 2004 and 2005, and "has been forced to receive medical treatment."  (Id.).  According to plaintiff, he and several other inmates have made defendant Batson aware of the problem through the filing of grievances; however, she has ignored the problem.  Claiming violation of his Eighth Amendment rights and state law,[2] plaintiff seeks injunctive relief, compensatory damages, punitive damages, and such other and further relief as he is entitled.

Defendant Batson, in her motion for summary judgment, argues that plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.  She asserts that Aramark's provision of food services is governed by a contract between Aramark and the DOC, and argues that although consistently serving an inmate rancid, spoiled or contaminated food may state an Eighth Amendment violation, in light of the procedures governing the preparation and service of meals, "if plaintiff was ever served spoiled or contaminated food, it must have occurred with such infrequency as to be a random event, and could not be said to violate any standards of common decency." (Doc. 14, pp. 5-6).  Defendant Batson further argues that plaintiff "will never be able to prove that she was deliberately indifferent to his needs" because: (1) "she does not know plaintiff, does not know who he is or where he is housed," and (2) "[plaintiff's] diet is determined by the DOC medical staff and

---

[2]Plaintiff makes a general claim that defendant Batson's actions violated "state health laws," but does not identify any specific law.  He also alleges her conduct violated DOC regulations, specifically: "P.P.D. 604.103," Rule 33-204.003 and Rule 33-601.

what, when and how he eats is determined by DOC's policies and regulations without defendant's involvement and which are completely outside defendant's control." (*Id.*, p. 6).  In support of her motion, defendant Batson has attached a copy of the contract between Aramark and the DOC.

In response to the special report, plaintiff has submitted additional argument. In addition, he has submitted an affidavit reiterating that he has had problems with food service serving spoiled food since 2004; that he has experienced this problem in various close management dormitories in which he has been housed; that he has made defendant aware of the problem by filing grievances; that he fell ill in 2004 and 2005, and has experienced "months of illness" due to consumption of spoiled food; that defendant Batson has continued to serve spoiled food despite her actual knowledge of the problem via the filing of inmate grievances; that food service continues to frequently serve spoiled food, including rotten oranges, bananas, beans, certain meats, meat casserole, creamed beef, salads, greens, etc.; that food service has a practice or policy of mixing spoiled food with unspoiled food as a means of cutting costs and attempting to disguise the spoiled food; and that "the problem has escalated to a point that most prisoners just don't eat a lot of food that they're uncertain of its contents."  (Doc. 19, Nixson Aff.).

Plaintiff has also submitted affidavits of other inmates who state that they have been served spoiled food on several occasions, as recently as July of 2006.[3] Several of these inmates further attest that they have become sick or experienced digestive problems as a result of consuming the spoiled food.  One affiant in particular, Pedro Blanco, attaches grievances he filed on March 1, 2005, complaining of meals he received on February 22, 2005 and February 23, 2005.  One grievance complains of sour cabbage, stating that sour cabbage has been served many times in the past.  Defendant Batson responded to the grievance by stating "I will check into the problem.  Your grievance is granted."  (Doc. 19, Blanco Aff., Attach.).  The other grievance complains of spoiled cole slaw and greens, stating that 85% of the

---

[3] *See* Doc. 19, Pickett Aff., Boddie Aff., Brown Aff., Blanco Aff., Hampton Aff., Cox Aff., Adams Aff., Alexander Aff., Pressley Aff., Adderley Aff., Hines Aff.

time these items are served, they are spoiled.  (*Id.*).  Defendant Batson granted the grievance, again stating that she would "check into the problem."

## DISCUSSION

### Summary Judgment Standard

In order to prevail on her motion for summary judgment, the defendant must show that plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If the defendant successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law."  *Id. Accord Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).  Further, plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)).  Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"), *cert. denied*, 522 U.S. 1126 (1998) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to the plaintiff. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S. Ct. at 2552.

Frivolousness Standard

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Failure to State a Claim Standard

Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Eighth Amendment Standard

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 345, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). While the Constitution "'does not mandate comfortable prisons,' and only deprivations of 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth

Amendment violation," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted), prison officials are required to ensure that inmates receive adequate food, shelter, clothing and medical care. *Farmer*, 511 U.S. at 832, 114 S.Ct. at 1976. Specifically with regard to food, the Eighth Amendment requires that prison officials serve prisoners "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980); *see also French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (same, quoting *Ramos*); *Robles v. Coughlin*, 725 F.2d 12, 15 (2nd Cir. 1983) (same, quoting *Ramos*); *Thompson v. Michigan Dep't of Corrections*, 234 F.3d 1270 at *2 (6th Cir. 2000) (Table) (same); *see generally Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The Constitution requires that prisoners be provided "reasonably adequate food.").

To be actionable under the Eighth Amendment, a conditions-of-confinement claim must satisfy two requirements. First the alleged deprivation must be "sufficiently serious" in order to meet the objective component of the test; second, the prison official who acted or failed to act must have done so with a "sufficiently culpable state of mind" in order to meet the subjective component of the test. *Farmer*, 511 U.S. at 834. "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety," *id.*, meaning that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

<u>Conclusions of Law Regarding Material Facts</u>

It is undisputed that, during all times relevant to the complaint, Aramark provided food service operations to Santa Rosa CI pursuant to a contract with the DOC; that Aramark's obligations under the contract included preparing and serving meals to inmates; and that defendant Batson was the assistant food service director. It also appears to be undisputed that the Master Menu at Santa Rosa CI, if followed with properly prepared and stored food, provides adequate nutritional diets. The subject of plaintiff's complaint, however, is the quality, in terms of safety, of the food

that is used, including the issues of food selection, storage, preparation and disposal.

Turning to the objective component of the Eighth Amendment analysis, construing the allegations of plaintiff's complaint and response in a light most favorable to him, he alleges that over a prolonged period defendant Batson has persistently provided food to inmates on close management confinement which does not meet the minimal standards of safety in that it is spoiled; that the spoilage was to the extent that plaintiff's consumption of the food caused him to be ill "for months" and required medical treatment; that other close management inmates have become ill due to their consumption of spoiled food; and that the food is so routinely unsanitary that it presently presents an immediate threat to plaintiff's health and safety.  In assessing whether this constitutes an objectively serious deprivation, the court is guided by the principle that, "[i]n general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration."  *Deapain v. Uphoff*, 264 F.3d 965, 974, (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 1999)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Chavis v. Fairman*, 51 F.3d 275, at *3 (Table) (7th Cir. 1995) ("Unlike the persistent provision of inedible meals, occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs.").

Viewing the evidence in the summary judgment record in a light most favorable to plaintiff, he sufficiently alleges a deprivation so extreme as to violate the Eighth Amendment.  *Compare Strope v. Sebelius*, 2006 WL 2045840 (10th Cir. July 24, 2006) (unpublished opinion) (reversing district court's dismissal of Eighth Amendment deprivation of food claim for failure to state a claim, where prisoner alleged that on multiple occasions between March 2005 and June 2005 his meals were unacceptable; that a "sour'd" turkey sandwich made him sick to his stomach with severe cramps until the following morning; that the salads and oranges were routinely spoiled; that on one occasion the meal was "burnt beyond recognition;"

that these were examples of an "everyday and on-going" practice of the prison; and that the prison "routinely" served spoiled food to prisoners), *and Lunney v. Brureton*, 2005 WL 121720 at *6 (S.D. N.Y.) (Report and Recommendation) (finding inmate's allegation that his meals were regularly spoiled and/or improperly prepared on "numerous occasions;" thus, eating the meals caused him to get sick and not eating them caused him to suffer the effects of malnutrition, were sufficient to satisfy the Eighth Amendment's objective component), *adopted*, 2005 WL 433285 (S.D. N.Y. 2005), *and Drake v. Velasco*, 207 F.Supp.2d 809 (N.D. Ill. 2002) (finding that allegations in pre-trial detainee's complaint met the Fourteenth and Eighth Amendment standards where the detainee alleged that the food served did not meet the minimum standards of safety, that the food prevented his recovery from illnesses, and that the food presented an immediate threat to this safety),[4] *with Hamm v. DeKalb County*, 774 F.2d at 1575 (affirming district court's legal conclusion that the fact that the food in the county jail occasionally contained foreign objects or sometimes was served cold, while unpleasant, did not amount to a constitutional deprivation where the detainee had not suffered any injury or illness as a result of the condition), *and Chapman v. Simon*, 2006 WL 335507 (E.D. Mich. 2006) (unpublished opinion) (finding that inmates failed to state an Eighth Amendment claim because their allegation concerning possible contamination of food sitting on trays for long periods was speculative, and because they did not allege they were ever made ill by the food served to them), *and Ervin v. Hill*, 2005 WL 3742791 (N.D. Tex. 2005) (Report and Recommendation) (finding that inmate's allegation of a single

---

[4]The court recognizes that the cited cases were not in the procedural posture of defendants having filed a motion for summary judgment, which is the posture of this case.  However, although technically in that procedural posture, defendant Batson seeks dismissal of the complaint as frivolous and for failure to state a claim upon which relief can be granted, (arguing that even taking plaintiff's allegations as true and liberally construing them in a light most favorable to him he fails to state a constitutional violation), not on the basis that no factual disputes exist and that she is entitled to judgment as a matter of law.  Furthermore, the only evidence outside the pleadings which defendant Batson asks this court to consider is the contract between Aramark and the DOC which merely sets forth Aramark's food service responsibilities under the contract as well as the DOC's respective obligations.  Defendant Batson has not presented affirmative evidence raising a genuine dispute as to several material facts alleged in the complaint.  Moreover, she has not submitted affirmative evidence to support those factual assertions of her special report that go beyond the matters evidenced by the contract.

incident of unintended food poisoning failed to rise to the level of a constitutional violation), *and Bennett v. Misner*, 2004 WL 2091473 (D. Or. 2004) (unpublished opinion) (concluding that inmates failed to state an Eighth Amendment violation where they "neither alleged nor provided evidence to establish that they suffered significant injury or illness -- such as specific, repeated instances of food poisoning or malnutrition -- directly resulting from their exposure to unsafe or unsanitary kitchen conditions").

With regard to the subject component, plaintiff's complaint and response aver that defendant Batson has been aware since at least 2005 that the food she provides frequently does not meet the minimal standards of safety in that it is spoiled; that she was and is in a position to correct the problem; and that she has consciously continued to provide spoiled food to inmates in close management confinement.

Furthermore, plaintiff alleges that defendant Batson established or utilized a custom or policy of serving spoiled food and of, at times, attempting to disguise the spoilage by mixing spoiled leftovers with fresh food, all for the purpose of saving cost and waste. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (holding that a causal connection between the defendant and the constitutional deprivation may be established by proof that the official was personally involved in the acts that resulted in the constitutional deprivation, or where the official has established or utilized a policy or custom that results in deliberate indifference to a prisoner's rights). Moreover, defendant Batson can be expected to know of systemic conditions. *See Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) ("[t]he necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003) (internal quotation marks and citation omitted).

Defendant Batson argues that plaintiff "will never be able to prove that [she] was deliberately indifferent to his needs" because "she does not know who he is or where he is housed;" thus, he cannot show that she "singled him out." (Doc. 14, p. 6). However, plaintiff does not seek to impose liability upon defendant Batson on the grounds that she singled him out. He seeks to hold her liable on the grounds that

she personally was made aware that spoiled food was being provided to inmates, and that there was a two-year history of widespread problems with inmates being served spoiled food which tended to put her on notice of the constitutional violation.

Defendant Batson further argues that plaintiff will be unable to prove deliberate indifference because "[plaintiff's] diet is determined by the DOC medical staff and what, when and how he eats is determined by DOC's policies and regulations without defendant's involvement and which are completely outside defendant's control." (*Id.*). To support this assertion, she relies on the contract between Aramark and the DOC. However, plaintiff is not complaining about the menu, the timing of his meals or the manner in which he is required to consume them. His complaints concern Ms. Batson's knowing preparation and provision of food that is so unsanitary/spoiled that it presents an immediate risk to plaintiff's health.

The allegations of plaintiff's complaint sufficiently establish, and the Rule 56 materials he has submitted amplify, that defendant Batson is aware that inmates are being served spoiled food which presents an immediate danger to the health and well being of those who consume it, and that she is disregarding that risk. *See, e.g., Drake v. Velasco supra*, (pre-trial detainee sufficiently alleged deliberate indifference on the part of Aramark, where his allegations indicated the food contamination condition was systemic; that Aramark failed to rectify deficiencies and failed to ensure appropriate food handling practices; and that it knowingly provided food to inmates that was so unsanitary that it presented an immediate risk to detainee's health).

## CONCLUSION

Upon full consideration of the evidence within the summary judgment record, the court concludes that plaintiff's complaint is not frivolous, and that plaintiff has presented allegations which, liberally construed in a light most favorable to him, sufficiently state an Eighth Amendment violation against defendant. Defendant Batson's argument that because she and Aramark are subject to the terms of the

contract it is implausible that plaintiff could have experienced the conditions of which he complains, does not alter this conclusion.

Accordingly it is respectfully RECOMMENDED:

That defendant's motion for summary judgment (doc. 14) be DENIED and the matter be remanded to the undersigned for further proceedings.

At Pensacola, Florida this 27th day of September, 2006.

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).